

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

**NOS. WR-88,939-05, WR-88,939-06, WR-88,939-07 AND WR-88,939-08**

**EX PARTE JUSTIN LEE PEREZ, Applicant**

**ON APPLICATIONS FOR WRITS OF HABEAS CORPUS
CAUSE NOS. CR48705-B, CR49333-B, CR49132-B AND CR48532-B
IN THE 385TH DISTRICT COURT
FROM MIDLAND COUNTY**

*Per curiam*.

## O R D E R

Applicant pleaded guilty to two charges of possession of a controlled substance in the -05 and -07 cases, failure to appear in the -06 case, and evading arrest with a motor vehicle in the -08 case. He was sentenced to ten years' imprisonment in the failure to appear case, and twenty years' imprisonment in the possession of a controlled substance and evading arrest cases, all running concurrently. He filed these application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded them to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

On October 10, 2018, this Court denied Applicant's initial Article 11.07 habeas applications challenging these convictions without written order on the findings of the trial court without a

hearing. In those initial applications (the -01 through -04 applications), Applicant alleged that he received ineffective assistance of counsel for various reasons, that his pleas were not knowingly and voluntarily entered, and that he was denied his right to appeal because trial counsel failed to adequately advise him of that right. In these, the -05 through -08 applications, Applicant raises many of the same claims raised in his initial applications. He also raises a new claim of prosecutorial misconduct based on a notification that he allegedly received from the Midland County District Attorney, which is not included in the habeas records. However, the records do include copies of the "State's Motion to Recuse the District Attorney's Office of Midland County Texas," in which the State explains that the current District Attorney discovered on August 16, 2019, that former Assistant District Attorney Ralph Petty had been billing the Midland County district court judges for work he had been performing for the District Attorney's Office as its primary lawyer in post-conviction writs of habeas corpus. The motion indicates that the State has reason to believe that this included work Petty performed on these cases, resulting in a violation of Rules 1.11(a) and 3.05(b) of the Texas Disciplinary Rules of Professional Conduct.

The trial court did not rule on the State's Motion to Recuse the District Attorney's Office, and has indicated that it will not do so until it receives further "decision, orders and guidance" from this Court. The trial court did enter findings of fact and conclusions of law in these four applications, in which it finds, among other things, that the judge who presided over Applicant's initial habeas applications was not one of the Midland County District Judges, but was instead a Senior Judge presiding by assignment. The records of Applicant's initial applications reflect that former ADA Petty submitted a suggested order including proposed findings and conclusions for the trial court on July 10, 2018. The Senior Judge was assigned to preside over the habeas proceedings

on August 3, 2018, and adopted the State's suggested order including findings and conclusions on August 9, 2018. The trial court finds that no connection or relationship has been alleged between the judge who presided over the initial habeas proceedings and former ADA Petty. The trial court's findings do not explain why the State notified Applicant of the conflict in his cases and states in its motion to recuse the DA's Office that it has reason to believe that Petty was working as a "*de facto* law clerk*" for the judges presiding in these cases at the same time he was representing the State in these matters.

Accordingly, the record should be developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). Because members of the Midland County District Attorney's Office may be witnesses in these matters, the trial court shall rule on the State's Motion to Recuse the District Attorney's Office of Midland County Texas before conducting further proceedings. If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The trial court shall supplement the habeas records with a copy of the notice sent to Applicant by the Midland County District Attorney regarding the potential issues in these cases. The trial court shall obtain a response from the that office explaining why it sent the notice to Applicant, describing the basis for its belief that former ADA Petty was working as a "*de facto* law clerk" on these cases at the same time he was representing the State in these matters.

The trial court shall make findings of fact as to whether former ADA Ralph Petty was paid by any district court judge presiding in these cases during the pendency of the -01 through -04 habeas

applications while also representing the State in those matters. If the trial court determines that Petty was paid by any district court judge to perform work in these matters, the trial court shall make specific findings as to what the nature and scope of that work was, and shall supplement the habeas records with any documentation supporting those findings. If the trial court determines that Petty was not paid by any district court judge to perform work in these matters, the trial court shall make findings of fact as to why Applicant was notified of the issue by the Midland County District Attorney. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claims.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.

Filed: September 22, 2021
Do not publish